J-S32014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| ST. AUBYN BEECHAM | : | |
| | : | |
| Appellant | : | No. 2159 EDA 2016 |

Appeal from the PCRA Order June 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0206175-1999,
CP-51-CR-0206182-1999

BEFORE: GANTMAN, P.J., STABILE, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:               **FILED MAY 08, 2017**

Appellant, St. Aubyn Beecham, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On March 17, 2000, a jury convicted Appellant of first-degree murder, robbery, and other offenses in relation to the killing of a retired police officer during the course of a robbery. The court sentenced Appellant on June 1, 2000, to life imprisonment without the possibility of parole for the murder conviction and imposed additional terms of imprisonment for the other offenses. This Court affirmed the judgment of sentence on July 2, 2002. **See Commonwealth v. Beecham**, 808 A.2d 241 (Pa.Super. 2002). Appellant did not pursue further direct review.

_____

*Former Justice specially assigned to the Superior Court.

On or around March 10, 2004, Appellant filed his first *pro se* PCRA petition. The court appointed counsel on March 16, 2004, who subsequently filed a motion to withdraw and **Turner**/**Finley**[1] no-merit letter. The court denied PCRA relief on March 3, 2005, and granted counsel's request to withdraw. Appellant did not appeal that decision.

On August 1, 2012, Appellant filed his second and current *pro se* PCRA petition, seeking relief under **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding sentence of mandatory life imprisonment without possibility of parole for those under age of 18 at time of their crimes violates Eighth Amendment's prohibition on cruel and unusual punishments). Appellant amended his PCRA petition on October 30, 2013, and on March 16, 2016, to seek relief under **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding **Miller** applies retroactively to cases on state collateral review). The court issued notice of intent to dismiss, per Pa.R.Crim.P. 907, on April 12, 2016. Appellant responded *pro se* on May 2, 2016. On June 21, 2016, the court dismissed Appellant's PCRA petition as untimely. Appellant timely filed a *pro se* notice of appeal on July 7, 2016. The court did not order a Pa.R.A.P. 1925(b) concise statement, and Appellant filed none.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on August 1, 2002, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. ***See*** Pa.R.A.P. 1113. Appellant filed the current PCRA petition on August 1, 2012, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), insisting ***Miller*** and ***Montgomery*** afford him relief. Nevertheless, Appellant admits he was 19 years old at the time of the offenses at issue. Thus, ***Miller*** and ***Montgomery*** do not apply.

Moreover, this Court has previously rejected Appellant's argument that relief under ***Miller*** and ***Montgomery*** should be extended to individuals

- 3 -

under 25 years old because the brain is not developed fully until that age. *See Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super. 2016) (holding appellant who was 19 years old at time of offenses was not entitled to relief under *Miller* and *Montgomery* on collateral review; rejecting appellant's argument that he should be considered "technical juvenile"). Therefore, we affirm the denial of PCRA relief.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017

_____

[2] To the extent Appellant relies on *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), that decision affords him no relief. *See Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016) (holding new constitutional rule announced in *Alleyne* is not substantive or watershed procedural rule that warrants retroactive application to collateral attacks on mandatory minimum sentences where judgment of sentence became final before *Alleyne* was decided). *Alleyne* affords Appellant no relief in any event, as *Alleyne* does not apply to the mandatory life imprisonment sentence for first-degree murder.